UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN H. FIELDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-4218** |
| **CITY OF ABITA SPRINGS, ET AL.** | **SECTION "I" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that the matter can be disposed of without an Evidentiary Hearing.

### I.     Factual Background

The plaintiff, Stephen H. Fields, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the City of Abita Springs, the Abita Springs Police Chief, the Abita Springs Police Department, and Sergeant Fred E. Roshto. Fields seeks a determination that he has been falsely arrested and convicted in state court.

Fields alleges that he was arrested on January 12, 2005, by Sergeant Roshto for aggravated burglary and that the charge was subsequently upgraded to armed robbery. Fields further alleges

that he went to trial by jury and was found guilty of attempted first degree robbery. In this lawsuit, it is alleged that the victim could not positively identify Fields as the perpetrator and that the victim's identification was tainted by the fact that a co-defendant was not included in the photographic line-up. It is also alleged that Sergeant Roshto lied on the stand, told the victim that Fields was involved in the crime, and coerced Fields's co-defendants into implicating him in the robbery. Fields also complains that Roshto was not properly trained and supervised. As relief, Fields seeks damages for: (1) false arrest and imprisonment, (2) lost wages, (3) mental pain, and (4) the loss of custody of his minor son.

## II.    Standard of Review

When a prisoner files an in forma pauperis civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as

frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

### III.    Analysis

Fields's complaint invokes the Court's jurisdiction under 42 U.S.C. § 1983. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983.

The Supreme Court, however, has limited the availability of Section 1983 actions for prisoners in certain instances. Of relevance here, the Supreme Court has stated that a Section 1983 plaintiff may not recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid until such time as his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). Under *Heck*, a plaintiff's claim is therefore barred as premature if a judgment in his favor on the claim would "necessarily imply" the invalidity of his conviction or confinement. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). Claims barred by *Heck* are legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996).

In the instant case, Fields alleges that his identification as the perpetrator was uncertain and tainted by police misconduct. He also alleges that Sergeant Roshto, as a result of his improper training and supervision, committed perjury, improperly influenced the victim, and coerced the co-defendants into implicating Fields in the robbery. If those allegations from the complaint were found to be true and judgment were rendered in Fields's favor in this lawsuit, that judgment would necessarily imply that his attempted first degree robbery conviction and his resulting confinement are improper. Because Fields cannot show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, he is currently precluded by *Heck* from recovering monetary damages on his claims. His claims should therefore be dismissed with prejudice until such time as the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**IV.   Recommendation**

It is therefore **RECOMMENDED** that the claims of Stephen H. Fields against the City of Abita Springs, the Abita Springs Police Chief, the Abita Springs Police Department, and Fred E. Roshto be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 19th day of December, 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**